The judgment of the United States Customs Court is *reversed*.

UNITED STATES *v.* ENDLEIN & SCHMIDT, UNITED HARDWARE & TOOL[1] CORP. (No. 3740)

---

[1] T. D., 47082.

United States Court of Customs and Patent Appeals, April 30, 1934

*Charles D. Lawrence*, Assistant Attorney General (*Richard E. FitzGibbon* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellee.

[Oral argument April 5, 1934, by Mr. Folks and Mr. Brown]

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges [2]

GARRETT, Judge, delivered the opinion of the court:

The merchandise here involved consists of what are called hand counters or tallying registers. Two samples were placed in evidence, and there was also introduced a drawing showing the inside mechanism. The device is disc-shaped, being about 2 inches in diameter and one-half inch in thickness. It is equipped with a lever, or button, which, when pressed by the thumb or finger, operates the inner mechanism causing cogwheels to revolve in a manner which brings a number before an opening in the face of the device. There is also an arrangement whereby two of the plates having numbers thereon may be revolved, when desired, by twisting a screw or key at the back of the device. Each time the lever is pressed the aggregate number on the face is changed by adding one number to it. By pushing the lever, it will register from one to nine hundred and ninety-nine. The testi-

---

[2] HATFIELD, J., did not participate in this case.

mony shows that it is used for such purposes as keeping count of the number of persons passing a given point, or the number of automobiles driving over a street or road, and the like. The person making the count simply presses the lever each time an individual or object passes. It is quite simple in its nature, and has no automatic operating structure, a pressing of the lever by hand being required for each registration of a number.

The protests cover importations made under both the Tariff Act of 1922 and the Tariff Act of 1930.

Those imported under the Tariff Act of 1922 were classified under paragraph 368 thereof and assessed with duty at 45 per centum ad valorem. Those imported under the Tariff Act of 1930 were classified under its paragraph 368 and assessed with duty at 55 cents each and 65 per centum ad valorem. The pertinent portions of these respective acts read:

*Act of 1922*—PAR. 368. * * * and any device or mechanism having an essential operating feature intended for measuring time, distance, or fares, * * * or similar uses, * * * all the foregoing, 45 per centum ad valorem; * * *.

*Act of 1930*—PAR. 368. * * * and any mechanism, device, or instrument intended or suitable for measuring time, distance, speed, or fares, * * * or similar uses * * *:

(1) If valued at not more than $1.10 each, 55 cents each; * * *.
(2) any of the foregoing shall be subject to an additional duty of 65 per centum ad valorem;

The claim of the protests upon which importers rely is that they are properly classifiable as machines, respectively, under paragraph 372 of the Tariff Act of 1922 and the same numbered paragraph of the 1930 act. The pertinent language of these paragraphs is:

*Act of 1922*—PAR. 372. * * * all other machines or parts thereof, finished or unfinished, not specially provided for, 30 per centum ad valorem: * * *

*Act of 1930*—PAR. 372. * * * all other machines, finished or unfinished not specially provided for, 27½ per centum ad valorem: * * *

The United States Customs Court sustained the claim of the importers, and the Government appealed to this court.

In the course of its opinion the trial court points out that the devices do not measure time, distance, speed, or fares, nor do they perform any of the other functions described in the paragraphs under which the classifications were made by the collector.

In our opinion, there is no error in this finding, and we think it may quite properly be added that their uses are not "similar" to the uses of the devices covered by the respective paragraphs. These are not measuring instruments for anything; they perform no measuring function in the sense in which the devices obviously covered by the paragraphs applied by the collector perform such function. They are mere counting mechanisms.

In the case of *United States* v. *Bacharach Industrial Instrument Co.*, 13 Ct. Cust. Appls. 262, T.D. 41203, paragraph 368 of the Tariff

Act of 1922 was involved. The merchandise at issue consisted of indicators for use in connection with steam and gas engines and electrically driven air compressors. This court, referring to the sample in that case, said:

It does not measure the quantity of anything; * * * it does not perform any function at some time which has been determined in advance; it operates only when the operator turns a cock and admits pressure into its cylinder. It is, therefore, not a device which will automatically function at a certain appointed time, but will never function without manipulation.

Again it was there said of the indicators:

* * * they are not the devices mentioned *eo nomine* in the paragraph, nor are they *similar thereto*, for to be thus similar they must have a use substantially as the devices specifically named in the paragraph. (Italics quoted.)

What was there said is apposite here.

There has been no suggestion in the instant case of the applicability of any paragraphs of the respective tariff acts other than those above quoted, and the case has been considered solely upon the issue presented between them.

The judgment of the United States Customs Court is *affirmed*.